UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:15-cr-350-T-27TGW

WILLIE VASHAWN THOMAS
_____/

### ORDER

**BEFORE THE COURT** is Defendant Thomas' *pro se* "Emergency Motion to Reduce or Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or 12003(b)(2) of the Cares Act, Passed into Law on March 27, 2020." (Dkt. 99). A response is unnecessary. The motion is **DENIED**.

Thomas stands convicted of one count of conspiracy to possess with intent to distribute 28 grams or more of crack cocaine, two counts of possession with intent to distribute cocaine, and two counts of possession with intent to distribute 28 grams or more of cocaine base. (Dkt. 57). He was sentenced to 70 months imprisonment, followed by 5 years of supervised release. (Id.). On May 5, 2020, his supervised release was revoked, and he was sentenced to 15 months imprisonment, followed by 3 years of supervised release. (Dkt. 94). He now moves for a sentence reduction, asserting that "this Court has broad discretion to reduce or modify the defendant's sentence to minimize his exposure of contracting the novel zoonotic highly dangerous coronavirus, also known as COVID-19." (Dkt. 99 at 1). Specifically, he contends that he "is vulnerable to COVID-19 and face[s] a higher risk from COVID-19 pandemic" since he suffers from "high blood pressure, currently taking amlodipine and hydrochlorothiazide, obesity, type 2 diabetic, and asthma," and "that his mom just passed of COVID-19 in light of the exact health issues that the defendant suffers." (Id. at 2). He further asserts that the Bureau of Prisons (BOP) "is not adequately equipped or prepared to [safely] and effectively manage the COVID-19" and that he "is possibly

1

being exposed to a death sentence due to circumstance beyond his control . . . ." (Id.). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Although Thomas asserts that he requested the BOP to file a motion on his behalf "due to extraordinary and compelling circumstances," he does not provide a copy of that request. (Dkt. 99 at 6). Rather, he submits the Warden's denial letter, dated August 5, 2020, which explains that Thomas "requested a reduction in sentence (RIS) based on concerns about COVID-19," and that his "concern of being potentially exposed to, or possibly contracting, COVID-19, does not currently warrant an early release from [his] sentence." (Id. at 13). Missing from the Warden's denial, however, is any indication that Thomas requested the Warden to consider his underlying medical conditions. Accordingly, Thomas has not demonstrated that he has exhausted his administrative remedies as to a request for compassionate release based on his medical conditions.[1] Contrary to his contentions, this requirement cannot be excused. (Dkt. 99 at 5-6).

Even if he did exhaust his administrative remedies, Thomas has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Thomas fall within these circumstances. First, although he contends that he has underlying health conditions, he does not provide documentation to support his assertions or provide any medical documentation reflecting that he is unable to care for himself while incarcerated.[2] *See* U.S.S.G. § 1B1.13, cmt. n.1. Second, he is forty-six years old and does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. As for his contention that extraordinary and compelling reasons exist because he is "possibly being exposed to a death sentence due to circumstance beyond his control" (Dkt. 99 at 2), courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. And to the extent he contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 99 at 7), courts in this Circuit have rejected that contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D.

---

[2] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

Ga. Dec. 10, 2019). Even if true, Thomas has failed to assert an adequate basis to warrant compassionate release.

In sum, Thomas has not exhausted the administrative remedies available to him, and his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. And to the extent he requests relief under section 12003(b) of the CARES Act, his contentions are without merit. Section 12003(b)(2) pertains to the BOP's authority under 18 U.S.C. § 3624(c)(2) to place an inmate on home confinement. CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2). Indeed, the authority to place a prisoner on home confinement rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. Brown*, No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020).

Accordingly, absent extraordinary and compelling reasons or any other basis to grant compassionate release, relief cannot be granted, and the motion is **DENIED**.

**DONE AND ORDERED** this 29th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:   Defendant, Counsel of Record

4