**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No: 8:15-cr-350-T-27TGW**

**WILLIE VASHAWN THOMAS**

______________________________/

**ORDER**

**BEFORE THE COURT** is Defendant's *pro se* Motion for Reconsideration (Dkt. 101), seeking reconsideration of the order denying his motion for compassionate release (Dkt. 100). No response is necessary. The motion is **DENIED**.

In the order denying his motion for compassionate release, this Court found that Thomas failed to demonstrate an extraordinary and compelling reason to warrant a modification of his sentence. (Dkt. 100 at 2-4). He now moves for reconsideration, relying on *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712 (2d Cir. Sept. 25, 2020), in which the court held that district courts are not confined to U.S.S.G. § 1B1.13 when determining what circumstances are extraordinary and compelling to warrant compassionate release.[1] (Dkt. 101 at 2-3). His motion, however, is without merit.

[1] In *Brooker*, the Second Circuit held that "despite Application Note 1(D), the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances." 2020 WL 5739712, at *5. The court explained that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the Bureau of Prisons], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling. . . . The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at *6, 8 (quoting 28 U.S.C. § 994(t)) (emphasis and alterations in original). The Eleventh Circuit, however, has not determined that U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by defendants. *See United States v. Griffin*, 815 F. App'x 503, 504 (11th Cir. 2020) (noting that district courts must "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before reducing a term of imprisonment).

First, *Brooker* is not binding authority. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th. Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other circuits."). Second, in the order denying his motion for compassionate release, this Court found that even if it had discretion to determine whether Thomas had presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, he "failed to assert an adequate basis to warrant compassionate release." (Dkt. 100 at 3-4). Last, Thomas does not provide any new information that warrants reconsideration of the prior order. Accordingly, because there is no basis to reconsider the order denying a sentence modification, his motion is **DENIED**.

**DONE AND ORDERED** this 20th day of October, 2020.

/s/ James D. Whittemore

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record